UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAYDONTAE WORTHEY, #982382,

        Plaintiff,

v.

        CASE NO. 2:21-CV-12243
        HON. NANCY G. EDMUNDS

MINIARD, et al.,

        Defendants.
_____/

**OPINION & ORDER DENYING THE APPLICATION TO PROCEED
IN FORMA PAUPERIS, DISMISSING THE CIVIL RIGHTS COMPLAINT,
& CONCLUDING THAT AN APPEAL CANNOT BE TAKEN IN GOOD FAITH**

Michigan prisoner Raydontae Worthey ("Plaintiff") has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983, as well as certified trust fund account statement essentially seeking to proceed without prepayment of the fees for this civil action. Although Plaintiff allegedly lacks the funds to pay the required fees, his certificate of prisoner institutional/trust fund account activity states that he had a current spendable account balance of $1,813.57 in his prison account as of October 1, 2021 when an administrative officer of the Michigan Department of Corrections certified his financial statement. ECF No. 4, PageID.51. Moreover, the Court notes that the government provides Plaintiff with food, clothing, and shelter such that requiring prepayment of the filing fees for this action will not force him to go without necessities. *See Lyon v Krol*, 127 F.3d 763, 765 (8th Cir. 1997). Accordingly, the Court concludes from the financial data that Plaintiff fails to establish indigence and that he can pay the $350 filing fee and $52 administrative fee for this civil action.

Accordingly, the Court **DENIES** Plaintiff's request to proceed without prepayment of fees or costs and **DISMISSES WITHOUT PREJUDICE** his civil rights complaint.  The Court is required to dismiss the case because the allegation of poverty is untrue.  *See* 28 U.S.C. § 1915(e)(2)(A).  Plaintiff may submit a new civil rights complaint with payment of the required fees in a new case.[1]  This case is closed and will not be reopened.  The Court makes no determination as to the merits of the complaint at this time.  Lastly, the Court concludes that an appeal from this decision cannot be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).  This case is closed.

**IT IS SO ORDERED**.

_____
NANCY G. EDMUNDS
UNITED STATES DISTRICT JUDGE

Dated:  October 18, 2021

---

[1] The Court is aware that Plaintiff has submitted a 46-page complaint in this case.  If he institutes a new civil rights case with payment of the required fees, he can ask that the previously submitted materials be electronically re-filed in the new case without filing additional paper copies.